IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HOME SOLUTIONS OF AMERICA, INC., FRANK J. FRADELLA, BRIAN M. MARSHALL, JEFFERY M. MATTICH, RICK J. O'BRIEN, STEPHEN C. GINGRICH, THOMAS L. DAVIS, AND JEFFREY T. CRAFT,<br><br>Defendants. | Civil Action No.<br>3:09-cv-02269-N |

**FINAL JUDGMENT AS TO**
**DEFENDANT HOME SOLUTIONS OF AMERICA, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant Home Solutions of America, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of the relief included in the Agreed Interlocutory Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction) [Doc. 15]; waived findings of fact and conclusions of law; and waived any right to appeal:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and its agents,

servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud, or

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to use or employ any manipulative or deceptive device or contrivance;

    (b)    to employ any device, scheme, or artifice to defraud;

    (c)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (d)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] by failing to file timely with the Commission all accurate and complete information, documents and reports required by the rules and regulations prescribed by the Commission.

### IV.

IT IS FURTHER ORDERED that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, of Sections 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), (b)(2)(A) and (b)(2)(B)] by an issuer that:

    (a)    fails to make and keep books, records and accounts which, in reasonable detail,

        accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b)     fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

    (1)     transactions are executed in accordance with management's general or specific authorization;

    (2)     transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

    (3)     access to assets is permitted only in accordance with management's general or specific authorization; and

    (4)     the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent [Doc. 9] is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SIGNED December 3, 2018.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE