# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| **Plaintiff,** | **Civil Action:** |
| **v.** | **03:09-CV-02269-N** |
| HOME SOLUTIONS OF AMERICA, INC., et al., | |
| **Defendants.** | |

## AMENDED FINAL JUDGMENT
## AS TO DEFENDANT JEFFREY M. MATTICH

The Securities and Exchange Commission having filed a Complaint and Defendant Jeffrey M. Mattich[1] ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Amended Final Judgment ("Amended Final Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Amended Final Judgment:

### I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

---

[1] Defendant admits that he is the named Defendant in this case, and that his name was misspelled in the case style.

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Amended Final Judgment by personal service or otherwise:  (a)

Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15

U.S.C. § 78m(b)(5)], and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§

240.13b2-1 and 240.13b2-2], directly or indirectly, by:

(a)     knowingly circumventing or knowingly failing to implement a system of internal

accounting controls;

(b)     knowingly falsifying, or causing to be falsified, any book, record, or account

described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; or

(c)     making or causing to be made a materially false or misleading statement, or by

omitting to state, or causing another person to omit to state, any material fact

necessary in order to make statements made, in light of the circumstances under

which such statements were made, not misleading, to an accountant in connection

with:

(1)     any required audit, review or examination of the financial statements of an

        issuer; or

(2)     the preparation or filing of any document required to be filed with the

        Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Amended Final Judgment by personal service or otherwise:  (a)

Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Rule 13a-14

promulgated under the Exchange Act [17 C.F.R. § 240.13a-14], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange to include a false and misleading certification with any annual or quarterly

report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act

[15 U.S.C. § 78m(a)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting, directly or indirectly, violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by providing substantial assistance to an issuer in its failure to file timely with the Commission all accurate and complete information, documents, and reports required by the rules and regulations prescribed by the Commission, or by filing forms with the Commission containing false statements of material fact or failing to include material information that is necessary to make the statements not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, aiding and abetting violations of

Sections 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78(b)(2)(B)] by providing substantial assistance to an issuer that:

(a)     fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b)     fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that--

(1)     transactions are executed in accordance with management's general or specific authorization;

(2)     transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

(3)     access to assets is permitted only in accordance with management's general or specific authorization; and

(4)     the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with Defendant or with anyone described in (a).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a disgorgement of $86,620, representing profits gained as a result of the conduct alleged in the Compliant, and a civil penalty in the amount of $50,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this payment pursuant to the terms of the payment schedule set forth in Paragraph VII below after entry of this Amended Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jeffrey M. Mattich as a defendant in this action; and specifying that payment is made pursuant to this Amended Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Amended Final Judgment to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

Mattich shall pay the total disgorgement and penalty due of $136,620 in five installments to the Commission according to the following schedule:  (1) a down payment of $10,000 within 10 days of entry of the original Final Judgment entered on December 3, 2018; (2) $31,655 in each of four (4) quarterly installment payments, with each quarterly payment due on the first day of the calendar quarter.  The first quarterly installment payment of $31,655 will be due March 1, 2019; the second will be due June 1, 2019; the third will be due September 1, 2019; and the final quarterly payment will be due December 1, 2019.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Amended Final Judgment.  Prior to making the final payment set forth herein, Mattich shall contact the staff of the Commission for the amount due for the final payment.

If Mattich fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Amended Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Amended Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Amended Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Amended Final Judgment forthwith and without further notice.

SIGNED December 20, 2018.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE